# WILLIAM H. MOTLEY, Respondent, v. EVANS & HOWARD FIRE BRICK COMPANY, Appellant.

### St. Louis Court of Appeals, February 2, 1915.

1. **MASTER AND SERVANT: Injury to Servant: Negligence of Fellow-Servant.** The master is not liable to a servant for injuries caused by the negligence of a fellow-servant.

2. ———: ———: **Instructions.** Plaintiff, an employee in a brick and tile factory, was injured by reason of the premature opening of a large iron dipper. The dipper was raised from a pan, from which the material it carried was obtained, by means of a lever operated by a fellow-servant of plaintiff. A bolt in the dipper was shown to be defective, so as to allow the dipper to open prematurely when it scraped on the top of the pan on account of not being raised high enough to clear it, but the lever which raised the dipper was not shown to be defective, and the scraping of the dipper was attributable to the fault of plaintiff's fellow-servant. The case was tried on the theory that it was essential to a recovery to establish that both the bolt and the lever were defective, and the question of defendant's negligence with respect to both of these matters was submitted to the jury as a predicate of recovery. *Held,* that the instruction was erroneous for submitting a theory of negligence not warranted by the evidence, and hence the judgment cannot stand.

3. **INSTRUCTIONS: Not Based on Evidence.** An instruction which submits a theory of negligence not warranted by the evidence is erroneous.

Appeal from St. Louis County Circuit Court—*Hon. G. A. Wurdeman,* Judge.

REVERSED AND REMANDED.

*Holland Rutledge Lashly* and *J. R. Van Slyke* for appellant.

(1) The plaintiff must exclude the possibility that the negligent act of himself or his fellow-servant

caused the injury before he is entitled to go to the jury upon the question of the alleged defect in the appliance.     Epperson v. Postal Telegraph Co., 155 Mo. 343, 382; Moriarty v. Schwarzschild v. Sulzberger, 132 Mo. App. 658.     (2)     It is error for the court to instruct the jury upon an allegation of negligence in the petition where there is no competent evidence introduced tending to prove the allegation. Kennedy v. Metropolitan Street Ry. Co., 128 Mo. App. 297; Felver v. Railroad, 216 Mo. 195.     (3)     The plaintiff, with knowledge of the possible danger, adopted an unsafe method of doing the work when the defendant had furnished an appliance which made the operation of the machinery free from danger of injury. Brady v. Railroad, 206 Mo. 509; Meily v. Railroad, 215 Mo. 567.     (4)     The defect must be the proximate and direct cause of the injury.     Moriarity v. Schwarzschild & Sulzberger, 132 Mo. App. 658.     (5)     Instructions must confine the negligence to the particular allegation contained in the petition and it is error for the court to give an instruction outside of the particular allegations therein contained.     Mueller v. Shoe Co., 109 Mo. App. 507; Gibler v. Railroad, 148 Mo. App. 475; Davidson v. Transit Co., 211 Mo. 320.     (6)     The court must require the jury to find certain facts which they find to be negligent and it is error to instruct in general terms.     Mulderig v. Railroad, 116 Mo. App. 655; Nagel v. Railroad, 169 Mo. App. 284.     (7)     Instructions must confine the damage to the particular damage alleged in the petition.     Radtke v. St. Louis Basket & Box Co., 229 Mo. 1; Heine v. United Railways Co., 122 S. W. 346.

*S. P. Bond* for respondent.

(1)     It was the duty of the defendant to exercise reasonable care to provide the plaintiff a reasonably safe place in which to work and reasonably safe tools

with which to work. Bleisner v. Distilling Co., 174 Mo. App. 139; Jewell v. Excelsior Powder Mfg. Co., 149 S. W. 1045; Moriarity v. Schwarzschild & Sulzberger Co., 132 Mo. App. 650; Burkard v. A. Leschen & Sons Rope Co., 217 Mo. 466; Bleisner v. Riesmeyer Distilling Co., 157 S. W. 980. (2) Plaintiff's instruction number 2 was not broader than the pleadings. Warnke v. Rope Co., 186 Mo. App. 30. (3) All instructions given by the court whether for the plaintiff or defendant, must be taken and read together, and if, being so read, they are not calculated to mislead the jury the judgment should be permitted to stand. Bliesner v. Distilling Co., 174 Mo. App. 139; Hart v. Railroad, 55 Mo. 476; Czezewzka v. Railroad, 121 Mo. 201, 215; Pacjiris v. Hartman, 190 Mo. 539; Warnke v. Rope Co., 186 Mo. App. 30. (4)  The instruction on the measure of damages is sustained by the case of Linsay v. Kansas City, 195 Mo. 166, 179, 180, which case is differentiated in the case of Ratke v. St. Louis Box Company, 229 Mo. 1, 20. We were familiar with the ruling in the Ratke case, draw respondent's petition and submitted the proof, and under the petition and the proof the instructions are not subject to the pitfalls that are to be found in that case. (5) It is a fact to be considered that Will Ellis, though in the court room at the trial, was not put on the witness stand by the defendant. Reyburn v. Railroad, 187 Mo. 565. (6) Nondirection of instruction not cause for reversal. Browning v. Railroad, 124 Mo. 55; Flaherty v. St. Louis Transit Co., 207 Mo. 318; Dudley v. Railroad, 150 S. W. 734. (7)  Section 1850, R. S. 1909, provides: "The court shall, in every stage of the action, disregard any error or defect in the pleadings or proceedings which shall not affect the substantial rights of the adverse party; and no judgment shall be affected by reason of such error or defect." Furthermore the statute provides: "The Supreme Court or courts of appeals shall not reverse the judgment of

any court, unless it shall believe that error was committed by such court against the appellant or plaintiff in error, and materially affecting the merits of the action.'' See Sec. 2082, R. S. 1909; Nagel v. Railroad, 169 Mo. App. 284; Shinn v. Railroad, 248 Mo. 173; Barkley v. Cemetery Assn., 153 Mo. 300.

NORTONI, J.—This is a suit for damages on account of a personal injury received through the alleged negligence of defendant. Plaintiff recovered and defendant prosecutes the appeal.

Plaintiff was engaged as a laborer in defendant's employ about a mud mill used in mixing material for the manufacture of brick and tile. It appears that dirt and water were mixed together in the mill by the use of machinery, and when the proper consistency was attained, a huge iron dipper was lowered from above into the pan of the mill and filled with mud; thence it was raised by the use of a lever and pushed on an arm over and above the pan of the mill so as to permit the mud in the dipper to be dumped into a receptacle for carrying it elsewhere. In lowering and raising the dipper, a lever was used by plaintiff's fellow workman, and in order to dump the load of mud from the dipper, a small bolt in the rear was removed. The removal of this small bolt, it is said, permitted the dipper to open and yield up its contents into another receptacle, for carriage elsewhere. It was a part of plaintiff's duty to push the dipper over the top of the mud pan after it was raised by means of a lever in the hands of his fellow workman, and it appears that, while he was so engaged, the dipper rubbed against the pan so as to occasion the small bolt in the rear to drop out of position and the dipper to open, with the result of catching his thumb against some other portion of the machinery and severing it from the hand.

The petition charges that defendant was negligent with respect to exercising ordinary care for plaintiff's

safety through furnishing a lever for use on the mill which was defective, in that it would not lift or raise the dipper high enough to clear the mill, and, second, that it was negligent, too, in furnishing a worn and defective bolt to be used in the dipper; that, because of such defective lever and bolt, plaintiff was injured on the occasion in question, through the dipper scraping on the top of the mud pan because it was not raised sufficiently high by the lever, and, as a result of such scraping, the defective bolt in the rear of the dipper was jarred loose, so as to cause it to open and inflict the injury complained of.

There is an abundance of evidence tending to prove that plaintiff received his injury because of the scraping of the dipper on the top of the mud pan as it was being removed over the same and that the jar incident to such scraping caused the bolt referred to to slip out of position and permit the opening of the dipper as stated. But, after having searched the record diligently, we are unable to discover any evidence whatever tending to prove that the lever, by means of which the dipper was raised and lowered, was defective in any respect. The case concedes that the lever was operated by a fellow-servant of plaintiff, and, of course, he may not recover for his fault, unless some negligent defect chargeable to the master appears. The two specifications of negligence set forth in the petition are treated conjunctively throughout the case, because, no doubt, such is essential to obviate the rule of exemption which inheres in the fellow service doctrine and to affix liability against defendant. There is an abundance of evidence to the effect that the bolt complained of was defective, in that it had worn smoothly and was as much as three-fourths of an inch shorter than when originally installed. The evidence tends to prove, too, that because of this defective condition of the bolt it was jarred from position and permitted the opening of the dipper upon its colliding with or scraping on the

top of the mud pan. But the scraping of the dipper on the top of the mud pan is to be attributed to the fault of plaintiff's fellow-servant who controlled the lever, unless the lever itself was defective, as the plaintiff charges in his petition. It seems the case was not well developed with respect to this matter, and though the instructions submit both specifications of negligence to the jury for a finding of fact and though the jury found the issues on both for plaintiff, there is no evidence whatever to sustain the first charge, to the effect that the lever was defective.

The judgment should be reversed and the cause remanded. It is so ordered. *Reynolds, P. J.,* and *Allen, J.,* concur.